**Opinion filed September 25, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00327-CR

_____

## DYWAYNE RALSTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 21664B**

## M E M O R A N D U M   O P I N I O N

Appellant, Dywayne Ralston, pleaded guilty to the state jail felony offense of possession of cocaine. Pursuant to the terms of the plea agreement, the trial court convicted Appellant of the offense, assessed his punishment at confinement for two years and a $1,000 fine, suspended the confinement portion of the sentence, and placed Appellant on community supervision for three years. The State later filed a

motion to revoke community supervision.  At a contested hearing on revocation, the trial court found several of the State's allegations to be true.  The trial court revoked Appellant's community supervision and imposed the original sentence of confinement in a state jail facility for two years, but it reformed the punishment to delete the fine previously imposed.  We modify and affirm.

Appellant's court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit.  Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record.  Counsel advised Appellant of his right to review the record and file a response to counsel's brief.  Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.  Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a pro se response to counsel's *Anders* brief.  In his pro se response, Appellant states: "I would like to close and stop the appeal process in all."

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).  Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the

revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We note, however, that the trial court's judgment incorrectly reflects on page no. 1 that Appellant pleaded "TRUE" to the motion to revoke and that it also incorrectly reflects the following findings on page no. 2: "PLEA OF TRUE TO ALL ALLEGATIONS AS PART OF THE PLEA BARGAIN REACHED IN THIS CASE, THE DEFENDANT WAIVED HIS/HER RIGHT OF APPEAL REGARDING THE MOTION TO REVOKE COMMUNITY SUPERVISION." The reporter's record clearly reflects that Appellant pleaded not true to the allegations in the motion to revoke, that a contested hearing was held, and that the trial court found only the following allegations to be true: Nos. 1, 2 ("except for the Abilene High School student I.D. allegation"), 4, 5, 6, 7, and 9.

An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgment speak the truth, we modify the judgment of the trial court as set forth below.

The judgment of the trial court is modified to reflect on page no. 1 that Appellant pleaded "NOT TRUE" and on page no. 2 that the trial court found that Appellant violated the following conditions of community supervision: "CONDITIONS A, B, AND I AS REFLECTED IN ALLEGATIONS 1, 2, 4, 5, 6,

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

7, AND 9 OF THE STATE'S MOTION TO REVOKE." As modified, the judgment of the trial court is affirmed. Counsel's motion to withdraw is granted.

PER CURIAM

September 25, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.